[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISCHARGE LIS PENDENS
Plaintiffs continue this action against the remaining six defendants by revised complaint dated December 21, 1998 and have filed a lis pendens. Defendants move to dissolve that lis pendens. The court held a hearing and took evidence.
Plaintiffs have alleged and proven the following facts against M. J. Holland, Inc. (Holland):
Holland is a Connecticut corporation and is the successor declarant of a condominium community known as Miliponte of Wethersfield (Millpointe). It contains 40 units of which 38 have been sold by Holland. Holland has an ownership interest in the last two units 5C and 5F.
In October, 1994 plaintiff Carol Ireland (Carol) and her husband Philip Ireland (Philip) signed a purchase agreement with Holland for Unit 5B. Holland sold that unit to Carol Ireland, Trustee (Carol, Trustee) on December 21, 1994. At that closing there was a "punch list" of work to be done before closing. Carol, Trustee moved into the unit on or about August 11, 1997.
Four units on the top floor have walk-out access to the roof. One of those is owned by Carol, Trustee. That unit leaked for several years and had many other continuing construction problems which made the unit uninhabitable.
Holland has or has attempted to transfer some of its interests in the units SC and 5F without consideration.
There is probable cause that plaintiff will prevail in their claims of breach of contract and breaches of the various warranties against Holland.
 Law
The plaintiffs are required to prove by clear and convincing evidence that they have a right to a lis pendens on this property owned by Holland as to the allegations of fraud and misrepresentation. Busker v. United Illuminating, 156 Conn. 456, CT Page 11695 458-459. As to the contract, warranty, good faith, negligence, and unjust enrichment claims all that plaintiffs must do is show that there is probable cause that they will prevail on some or all of those claims, Williams v. Bartlett, 189 Conn. 471,481.[1]
The court is not concerned with dissolving the us pendens as to any particular claim and thus if probable cause is found as to any one the court will not dissolve the lis pendens.
The motion to dissolve is denied.
N. O'Neill, J.